## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **HARRIS RESEARCH, INC., a Utah corporation,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | **Case No. 1:06-cv-00127-PGC-PMW** |
| **v.** | |
| **LARRY KRAETSCH, individually and dba BEAR CREEK CHEM-DRY,** | **District Judge Paul G. Cassell** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Paul G. Cassell pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court is Harris Research, Inc.'s ("Plaintiff") motion for summary judgment.[1]

On October 3, 2006, Plaintiff filed the complaint in this matter against Larry Kraetsch, individually and dba Bear Creek Chem-Dry ("Defendant").[2] Plaintiff's complaint alleges that Defendant is infringing Plaintiff's registered trademark in violation of the Lanham Act and is breaching the post-termination provisions of the franchise agreement he entered into with Plaintiff (the "Franchise Agreement"). Based on those allegations, Plaintiff seeks injunctive

---

[1] *See* docket no. 12.

[2] *See* docket no. 1.

relief against Defendant.  Plaintiff also seeks, pursuant to the terms the Franchise Agreement, an award of attorney fees and costs incurred in bringing this action.

Defendant, who is appearing pro se in this matter, filed an answer to Plaintiff's complaint on October 30, 2006.[3]  However, based on the information contained in the docket, that appears to be Defendant's last instance of active participation in this case.  Although the court sent out multiple notices of an initial pretrial conference scheduled for January 17, 2007,[4] Defendant did not appear at that conference.[5]  Plaintiff subsequently filed its motion for summary judgment on March 14, 2007.  Defendant has failed to respond to that motion, and the deadline for doing so passed several months ago.  *See* DUCivR 7-1(b).

Given Defendant's failure to respond to Plaintiff's motion, the court could have simply addressed the motion without providing any notice to Defendant.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").  However, because Defendant is appearing without the benefit of counsel, the court contacted him during the week of May 14, 2007, to inquire about his failure to respond to Plaintiff's motion.  In an order dated May 17, 2007, the court recounted Defendant's stated reasons for his failure to respond.[6]  Even though the court did not view Defendant's stated reasons as adequate explanations for his failure to respond, the court recognized that he is

---

[3]  *See* docket no. 3.

[4]  *See* docket nos. 5, 8.

[5]  *See* docket no. 9.

[6]  *See* docket no. 16.

appearing pro se in this matter and, accordingly, provided him with additional time to respond to Plaintiff's motion.  The court's order stated that Defendant had up to and including May 29, 2007, to file his memorandum in opposition to Plaintiff's motion.  The order also stated that, barring extraordinary circumstances, Defendant would not be granted any extensions of time on that deadline.  Finally, the order indicated that if Defendant failed to respond by the that deadline, the court was prepared to address Plaintiff's motion.

As of the date of this report and recommendation, the court has not received a response to Plaintiff's motion from Defendant, and Defendant has neither requested nor been granted an extension of time to file his response.  Accordingly, the court will address Plaintiff's unopposed motion.

Plaintiff's memorandum in support of its motion[7] contains the following "Undisputed Facts," which are supported by the affidavit of Plaintiff's Franchise Administrator that was filed with the court,[8] as well as the exhibits attached to both the memorandum and the affidavit:

> 1.    Plaintiff . . . is the worldwide franchisor of a carpet cleaning system known as Chem-Dry®, for which [Plaintiff] owns the registered trademark.

> 2.    Defendant . . . is a former Chem-Dry® franchisee, who was previously authorized to do business under the "Bear Creek Chem-Dry" franchise name.

---

[7]  *See* docket no. 13.

[8]  *See* docket no. 15.

3.      [Defendant] entered into a December 1, 2004 Franchise Agreement with [Plaintiff] to operate his Chem-Dry® franchise in California . . . .

4.      [Defendant] used the following telephone numbers to advertise and provide his Chem-Dry® franchise services: (209) 956-1899 and (209) 208-1899.

5.      [Plaintiff] terminated the Franchise Agreement on June 26, 2006, based on [Defendant]'s breaches thereof.

6.      Per the terms of the Franchise Agreement, [Defendant] agreed after termination not to "use any Marks, any colorable imitation thereof, or other indicia of a CHEM-DRY Business, in any manner or for any purpose or utilize for any purpose any trade name, trade or service mark or other commercial symbol that suggests or indicates a connection or association with [Plaintiff]."

7.      [Defendant] also agreed to permanently "disconnect, or cause to be disconnected" all telephone numbers used to advertise or provide his former Chem-Dry® franchise services, and not to "cause or participate in the transfer of any such telephone numbers to any person or entity other than [Plaintiff]."

8.      However, [Defendant] continues to use the former Chem-Dry® franchise telephone numbers.

9.      In case of [Defendant]'s refusal or failure to disconnect the former Chem-Dry® telephone numbers, the Franchise Agreement provides that [Plaintiff] shall be appointed as [Defendant]'s authorized agent to transfer such telephone numbers and associated listings to [Plaintiff].

10.      [Defendant] also continues using [Plaintiff]'s Chem-Dry® trademark to advertise his competing carpet cleaning services, both in internet advertisements and telephone listings.

11.      [Plaintiff] has repeatedly notified [Defendant] that he is infringing [Plaintiff]'s Chem-Dry® trademark, and violating

4

the post-termination provisions of the Franchise Agreement, and
has demanded that he cease doing so.

(Citations omitted.)

Based on these facts, Plaintiff asserts that Defendant's actions violate the Lanham Act, as

well as the post-termination provisions of the Franchise Agreement.  For these violations,

Plaintiff seeks an injunction requiring Defendant (1) to cease use of the Chem-Dry® trademark

in any way; and (2) to disconnect, or cause to be disconnected, the telephone numbers associated

with the infringing use of Plaintiff's Chem-Dry® trademark.  In addition, and pursuant to rule

65(d) of the Federal Rules of Civil Procedure, Plaintiff contends that it is entitled to a provision

in said injunction that expressly binds Defendant's "agents, servants, employees, and attorneys,"

as well as "those persons in active concert or participation with them who receive actual notice of

the order."  Fed. R. Civ. P. 65(d).

Plaintiff also contends, based on Defendant's violation of the post-termination provisions

of the Franchise Agreement, that it is entitled to recover its attorney fees and costs incurred in

bringing this action.  Subsection E of Paragraph 15 of the Franchise Agreement, which was

submitted as an exhibit to the affidavit of Plaintiff's Franchise Administrator,[9] provides that

"[Plaintiff] shall . . . be entitled to recover its attorney's fees and costs, including arbitration fees,

incurred in successfully prosecuting or defending any legal action or arbitration to enforce or

---

[9] *See* docket no. 15, exhibit no. 2.

5

defend the terms of [the Franchise] Agreement."  Plaintiff seeks an award of $4580.60, which is established in and supported by the affidavit of Plaintiff's counsel filed with the court.[10]

Rule 56(c) of the Federal Rules of Civil Procedure governs motions for summary judgment and provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed R. Civ. P. 56(c).

In its motion for summary judgment, Plaintiff has submitted evidence supporting its statement of the material and relevant facts.  Defendant failed to respond to the motion and present any conflicting evidence.  As a result, Plaintiff's statement of the facts is undisputed, and Defendant has failed to demonstrate that there is any "genuine issue as to any material fact." *Id*.

Plaintiff has also presented argument demonstrating that Defendant has violated the Lanham Act, as well as the post-termination provisions of the Franchise Agreement.  Again, Defendant failed to respond to the motion to present a conflicting argument.  Further, the undisputed facts demonstrate that Defendant has indeed violated the Lanham Act and the post-termination provisions of the Franchise Agreement.  Accordingly, based on the undisputed facts, Plaintiff "is entitled to a judgment as a matter of law." *Id*.

---

[10] *See* docket no. 14.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for summary judgment be **GRANTED**.  **IT IS FURTHER RECOMMENDED** that Plaintiff be given the injunctive relief sought, as well as an award of $4580.60 for attorney fees and costs incurred in bringing this action.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of June, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

7